EDWARD J. AND JOSEPHINE MCCORMACK, PETITIONERS, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39369. Promulgated February 10, 1932.

*Henry Borsje, Esq.*, for the petitioners.
*Nathan Gammon, Esq.*, for the respondent.

LANSDON: The respondent asserts a deficiency in income tax for the year 1926 in the amount of $9,190.65. The only issue is whether the basis for determining the profit realized from the sale of certain securities given to the petitioner, Josephine McCormack, by her father is the cost to the donor or the fair market value thereof at the date of the gift.

The petitioners are individuals residing in Memphis, Tennessee. On December 30, 1924, the father of petitioner, Josephine McCormack, gave his daughter 100 shares of stock of the Northern Royalty Trust which had cost him $5,000 in 1923. The fair market value thereof at the date of the gift was $70,000. In February, 1926, the donee sold such stock for $79,111.50 and reported income in the amount of $9,111.50 from such sale in the income-tax return jointly filed by herself and her husband for that year. Upon audit of such return the Commissioner increased the income from such sale to $74,111.50 and asserted the deficiency here in controversy.

The father of Josephine McCormack, J. A. Crisler, Sr., is, and for many years prior to 1923, was a physician in Memphis, actively engaged in the practice of his profession as an operating surgeon. Prior to the date of the gift here in controversy he had been advised by his personal physician that he might die at any time. At that time he was told that he had myocarditis. He had previously suffered from goiter, a ruptured gall bladder and the passing of a stone from his kidney. He had also survived an attack of typhoid fever. His physicians advised him to discontinue drinking, smoking and other things likely to shorten his life. He disregarded such advice, continued to live in his usual way and regularly practiced his profession up to the date of the hearing on September 28, 1931, when he testified as a witness in behalf of the petitioners herein.

After having been advised of the state of his health, Crisler conferred with his family, consisting of a wife, son, and daughter, and told them that he desired to live free from the care of his property, which he proposed to divide equally among them. Accordingly he gave his daughter the stock here involved, deeded an office building of about equal value to his son, and made a will in which all the remainder of his estate was left to his wife.

The petitioners here contend that the gifts to his wife and children were made by Crisler in contemplation of death and constituted, in effect, a testamentary disposition of property which they received by devise, bequest or inheritance. If this position is sound the issue here is governed by section 204 (a) (5) of the Revenue Act of 1926, which provides that the basis for determining gain or loss resulting from the sale of assets so acquired shall be the fair market

value thereof at the time of acquisition. The respondent has based his determination on the theory that the transfer of the stock by Crisler to his daughter was a gift *inter vivos* and that the tax liability resulting from the sale thereof must be computed under (a) (2) of the same section, an act which provides that the basis for ascertaining gain or loss shall be cost to the donor.

The evidence that the gift here in controversy was made in contemplation of death is not convincing. At the date of the transfer and for at least seven years thereafter the donor was actively engaged in the practice of his profession. In September, 1931, he was still living and quite able to testify at the hearing of this proceeding. In our opinion there is no occasion for any extended discussion of the authorities cited by counsel for the petitioner. It is well established that property is received by devise only on the death of the devisor. That event had not occurred when the sale here involved was made. In these circumstances we think that, even if the transfer were made in contemplation of death, that fact could have no bearing on the issue here. It is our opinion that the transfer of the stock in question was a gift *inter vivos* and that the determination of the respondent is correct. *Taft* v. *Bowers*, 278 U. S. 470.

*Decision will be entered for the respondent.*